IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
ILLINOIS

| | |
|---|---|
| TORY MCCRAY, #M10384, | |
| Plaintiff, | Case No. 23-cv-02497-SPM |
| v. | |
| C/O DELANEY, SGT. DALLAS, REKA ENGELAGE, and NURSE MORGAN, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Tory McCray, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while housed at Menard Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. See 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that on January 12, 2022, a group of inmates in North 2 began engaging in disruptive behavior. (Doc. 1, p. 6). The inmates were withholding their trays, banging and kicking the doors, and an inmate started a fire. Correctional Officer Delaney came to gallery with a fire extinguisher and began to put out the fire. Delaney then walked to the back of the gallery to

Plaintiff's cell, cell 253, and sprayed Plaintiff in the face and mouth. Plaintiff states that he was not engaging in the illicit conduct. Delaney then sprayed in the inmates in cell 252. (*Id.*).

Sergeant Dallas then came to Plaintiff's cell and asked him if he had a tray. (Doc. 1, p. 6). Plaintiff said yes and passed his tray through the chuck hole. Plaintiff asked for medical attention because he had been sprayed in the face with a fire extinguisher. Dallas told Plaintiff he would see about getting Plaintiff medical treatment, but Plaintiff was not seen by medical staff. The water to Plaintiff's cell was turned off, and Plaintiff was not given supplies to clean his cell. (*Id.*).

That evening, Nurse Engelage came to his cell to dispense his seizure medication. (Doc. 1, p. 6). Plaintiff told Engelage that his head hurt, he was lightheaded, and he needed medical treatment. Engelage told him she could not assist him since she was passing out medication, and he would need to submit a nurse sick call slip. (*Id.*).

The next day, Plaintiff spoke to Nurse Morgan as she was passing out medication. (Doc. 1, p. 7). Plaintiff asked Morgan for medical treatment, and she "just kept walking." When Morgan returned that afternoon to dispense Plaintiff's medication, he told her that his water had been turned off and he needed medical attention because he had been sprayed in the face and mouth with the fire extinguisher. Morgan instructed Plaintiff to fill out a nurse sick call slip. (*Id.*).

On January 14, 2022, Plaintiff told Nurse Nicole, as she was passing out medicine, that his head hurt, and he was lightheaded from being sprayed. (Doc. 1, p. 7). Nicole asked Plaintiff if he wanted his medication, and he said yes but that he could not take them since he did not have running water in his cell. Nicole said that she would put his name on the list for nurse sick call, and she would return with his medicine. Nicole did not return. The next day, Plaintiff gave a nurse sick call request slip to Nicole. He also gave another request to C.M.T. Reda on January 16, 2022. According to Plaintiff's exhibits, he was seen by medical staff on January 18, 2022. (Doc. 1, p.

17).

Based on the allegations in the Complaint, the Court finds it convenient to designate the following Counts:

> **Count 1:** Eighth Amendment claim against Delaney for the use of excessive force on January 12, 2022.
>
> **Count 2:** Eighth Amendment claim against Dallas, Engelage, and Morgan for denying Plaintiff medical care after he was sprayed with a fire extinguisher on January 12, 2022.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

## DISCUSSION

Count 1 will proceed against Correctional Officer Delaney for the use of excessive force.

Count 2, however, will be dismissed. Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted or failed to act with deliberate indifference to the risk of harm from that condition. *Id.*; *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eighth Amendment does not give prisoners entitlement

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This includes dismissal of Plaintiff's assertion that his due process rights were violated. (Doc. 1, p. 9). When a "particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994). Here, the Eighth Amendment provides an explicit source of constitutional protection, and therefore, displaces Plaintiff's substantive due process claim. *See Childress v. Walker,* 787 F.3d 433, 438 (7th Cir. 2015). The Court also dismisses Plaintiff's claim for failure to protect. (Doc. 1, p. 9). This allegation is conclusory and not supported by any facts in the Complaint.

to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997). Medical negligence or even malpractice does not violate the Constitution. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001).

Assuming Plaintiff suffered from a serious medical need, he has not adequately pled that Defendants acted with deliberate indifference towards his condition. In response to Plaintiff seeking medical care after he was sprayed with the fire extinguisher, Sergeant Dallas said he would "see about getting medical treatment." Although Dallas did not return, this single interaction and response to Plaintiff is not sufficient to plausibly infer that Dallas acted with the level of criminal recklessness required for deliberate indifference.

Likewise, Plaintiff's factual allegations pertaining to Nurses Engelage and Morgan do not plead deliberate indifference. Plaintiff states that when he informed Nurses Engelage and Morgan about the incident and his symptoms of headaches and light headedness, they instructed him to submit nurse sick call slips. He states he submitted four, and he was then seen by medical staff on January 18, 2022, a week following the incident. While the nurses may have acted negligently in not securing immediate medical treatment for Plaintiff, he did not experience a significant delay in being treated, and Defendants actions do not show a conscious disregard to a serious risk to his health. Accordingly, Count 2 is dismissed without prejudice.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 3). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person

unable to afford counsel."[2] When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff has failed to meet the first requirement, demonstrating that he has made reasonable attempts to obtain counsel on his own. Plaintiff simply states that he has not received any responses and does not provide any information regarding his efforts to contact attorneys. The Court also finds that Plaintiff is capable of representing himself at this stage. Plaintiff does not provide any reasons for why he is unable to represent himself. He has some high school education, and his Complaint shows his ability to draft coherent sentences and relay information to the Court. Therefore, the recruitment of counsel is not warranted at this time, and the motion is **DENIED**. If he chooses to renew his request, Plaintiff should submit rejection letters from at least three attorneys to demonstrate that he has made reasonable efforts to obtain counsel on his own.

## DISPOSITION

For the reasons states above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Delaney. **COUNT 2** is **DISMISSED without prejudice**. Because there are no surviving claims against Dallas, Engelage, and Morgan, they are dismissed from this case. The Clerk of Court is **DIRECTED** to terminate them as parties on the docket.

Because Plaintiff's claims involve allegations of physical injury, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance

---

[2] Even though Plaintiff is not proceeding *in forma pauperis* and has paid the full filing fee, the Court still finds him indigent and unable to afford counsel for the purpose of Section 1915(e)(1). At the time he filed this case, Plaintiff had $1,771.79 in his prisoner trust fund account, which is not sufficient to pay an attorney to litigate this case from start to finish. (Doc. 8).

Portability and Accountability Act.

      The Clerk of Court shall prepare for Delaney the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

      If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

      The defendant is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, the defendant only needs to respond to the issues stated in this Merit Review Order.**

      In light of this Order, the motion for status is **DENIED as moot**. (Doc. 24).

      Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14

days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:    January 31, 2024**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.